IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLINE T. RETZIOS, | ) |
| | ) |
| *Plaintiff*, | ) Case No. 1:23-cvc-03338 |
| | ) |
| v. | ) Hon. Charles P. Kocoras |
| | ) |
| EPIC SYSTEMS CORPORATION, | ) |
| | ) |
| *Defendant*. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION**

Epic Systems Corporation ("Epic"), by and through its undersigned counsel, respectfully submits the following Memorandum in Support of its Motion to Compel Arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, of all claims that Plaintiff Caroline T. Retzios ("Retzios" or "Plaintiff") pleads against Epic in this matter.

**INTRODUCTION**

On May 26, 2023, Retzios filed this lawsuit against Epic alleging religious discrimination and retaliation under Title VII for failing to accommodate Retzios' sincerely held religious beliefs; disability discrimination and retaliation under the ADA for failing to accommodate Retzios; and wrongful termination. However, pursuant to the terms of an Employee Stock Award Agreement (the "Stock Agreement") entered into between Epic and Retzios on December 21, 2020, which included a mandatory arbitration agreement (the "Arbitration Agreement"), Retzios was required to arbitrate any claims arising out her employment with Epic. Based upon the Arbitration Agreement, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the United States Supreme Court decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), Retzios must arbitrate her claims before the American Arbitration Association. Accordingly, Epic respectfully requests

that this Court dismiss Retzios' Complaint and compel arbitration or, in the alternative, stay these proceedings pending the outcome of arbitration.

## STATEMENT OF FACTS

Retzios was hired by Epic in August 2020 as a Project Manager. *See* Declaration of Jennifer Peterson, ¶ 2. In 2020, Epic introduced the Arbitration Agreement to Retzios as an annex to, and a mandatory part of, a Stock Agreement. *Id.* ¶ 3. On December 21, 2020, Retzios signed the Stock Agreement, under which Retzios was offered and accepted valuable consideration (i.e., a mutual agreement by Epic to arbitration, continued employment, and stock options). *Id.* ¶ 4. By signing the Stock Agreement, Retzios also accepted the terms of the Arbitration Agreement. *Id.* ¶ 5.

The relevant provisions of the Arbitration Agreement state:

> I.       <u>Agreement to Arbitrate</u>. Epic Systems Corporation ("Epic") and I agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise or have arisen between me and Epic, its related and affiliated companies or successors, and/or any current or former director, officer, manager or employee of Epic or a related or affiliated company or successor. Covered Claims are, unless expressly excluded below, any statutory or common law legal claims, asserted or unasserted, that relate to or arise out of my employment or the termination of my employment. **I understand that acceptance of employment with Epic, or any entity related to or affiliated with Epic, is deemed to be acceptance of this Agreement to Arbitrate.**
>
> **I understand and agree that arbitration is the only litigation forum for resolving Covered Claims, and that both Epic and I are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**
>
> The arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law. The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this agreement. The arbitrator shall have the authority to grant any remedy or relief that the arbitrator deems just and equitable and which is authorized by

and consistent with applicable law, including applicable statutory or other limitations on damages.

…

XII.  <u>Controlling Law</u>. I agree that this agreement is made pursuant to, and shall be governed under, the Federal Arbitration Act.

*Id.* ¶ 5, Ex.1 (emphasis added). Discrimination and retaliation claims are Covered Claims under the Arbitration Agreement. *Id.*

## LEGAL ARGUMENT

**I.  THE COURT SHOULD COMPEL RETZIOS' CLAIMS AGAINST EPIC TO ARBITRATION.**

Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. . . ." 9 U.S.C. § 2. The FAA "reflects 'both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract.'" *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). The FAA extends to employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118-19 (2001).

Pursuant to the FAA, arbitration must be compelled where, as here, there is: (A) a written agreement to arbitrate; (B) a dispute within the scope of the arbitration agreement; and (C) a refusal to arbitrate. *Zurich Am. Ins.. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005); *Sheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017). An arbitration agreement governed by the FAA, like the Arbitration Agreement here, is presumed to be valid and enforceable. *Shearson/Am. Express v. McMahon*, 482 U.S. 220, 226 (1987). There is a presumption in favor of arbitrability, *AT&T Tech., Inc. v. Communications Workers of America*,

3

475 U.S. 643, 650 (1986), and the party seeking to evade arbitration bears the burden of showing the arbitration provision is invalid or does not encompass the claims at issue. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

      A.      **A Valid Agreement to Arbitrate Exists.**

Retzios cannot dispute that she agreed to arbitrate her claims. Whether the parties agreed to arbitrate is a matter of state contract law. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 742 (7th Cir. 2010). Under Wisconsin law, "[a] valid contract requires an offer, an acceptance, and consideration, to demonstrate a meeting of the minds." *WeR1 World Network v. Cyberlink Network, Inc.*, 57 F. Supp. 3d 926, 935 (E.D. Wis. 2014). Wisconsin courts treat contracts concerning employment like any other contract. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 734 (7th Cir. 2002) (citing *Ferraro v. Koelsch*, 124 Wis. 2d 154, 368 N.W.2d 666, 671-72 (1985)). "This includes agreements formed subsequent to an employment at-will [relationship] that supplant or alter the nature of the employment relationship." *Id*. Where an agreement is formed as part of an employment at-will relationship, the agreement must be supported by consideration to be enforceable. *Id*. "In Wisconsin, consideration consists of either a detriment to the promisor or a benefit to the promisee." *Id*.

Here, Epic made an offer when it sent the Arbitration Agreement to Retzios. Retzios accepted the Arbitration Agreement when she signed it. Further, there was valid consideration. First, Epic's mutual promise to arbitrate is sufficient consideration to support the arbitration agreement. "If the agreement of one party to arbitrate disputes is fully supported by the other party's agreement to do likewise, there is no need to look elsewhere in the contract for consideration for the agreement to arbitrate. . . ." *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 869 (7th Cir. 1985); *Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636 (7th Cir. 1999)

("Circuit City's promise to be bound by the arbitration process itself serves as mutual consideration here."). Second, Retzios received stock in exchange for signing the arbitration agreement, which also constitutes sufficient consideration. *See, e.g.*, *Stericycle, Inc. v. Simota*, No. 16 C 4782, 2017 U.S. Dist. LEXIS 173632, at *18 (N.D. Ill. Oct. 20, 2017) ("[T]he Court concludes that the stock options served as adequate consideration for the Covenant Agreement.").

Accordingly, the Arbitration Agreement is valid and enforceable.

### B. The Dispute is Within the Scope of the Arbitration Agreement.

Once it is clear, as it is in this case, that the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law. *Gore v. Alltel Comm'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). "To this end, a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. at 1032-33 (citation omitted).

Retzios' claims are clearly within the scope of the Arbitration Agreement. The Arbitration Agreement states that "Covered Claims are, unless expressly excluded below, any statutory or common law legal claims, asserted or unasserted, that relate to or arise out of my employment or the termination of my employment." Peterson Decl., Ex. 1. Further, the Arbitration Agreement provides for the exclusion of certain types of claims from those required to be submitted to arbitration, including claims subject to dispute resolution procedures in an ERISA plan, claims that cannot be arbitrated as a matter of law, claims under the California Private Attorney General Act of 2004, and claims for workers' compensation or unemployment—none of these exclusions apply to Retzios' claims. *Id.* Rather, claims under Title VII and the ADA clearly fall within the

5

definition of Covered Claims and as such, they are arbitrable. *Michalski,.*, 177 F.3d 634 (holding that Title VII claims can be subject to arbitration); *Dalope v. United Health Care*, No. 03 C 8918, 2004 U.S. Dist. LEXIS 20831 (N.D. Ill. Oct. 7, 2004) (submitting an ADA claim to arbitration). As such, all of Retzios' claims are within the scope of the Arbitration Agreement.

      **C.**    **Retzios Refuses to Arbitrate Her Claims.**

Finally, because Retzios has "file[d] suit in federal court rather than pursue arbitration [she] demonstrates a refusal to arbitrate that preceded defendant's motion." *Meatheney v. Arts Performing Ctr., LLC*, Case No. 21-cv-683-pp, 2022 U.S. Dist. LEXIS 56350, at *33 (E.D. Wis. Mar. 29, 2022); *Ineman v. Kohl's Corp.*, No. 14-cv-398-wmc, 2015 U.S. Dist. LEXIS 38296, at *14 (W.D. Wis. Mar. 26, 2015) (explaining that "the filing of this lawsuit and plaintiff's opposition to defendant's motion to compel demonstrates that plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement").

**II.**    **THE ACTION MUST BE DISMISSED OR, IN THE ALTERNATIVE, STAYED AS TO EPIC PENDING ARBITRATION.**

Once a court has satisfied that an issue is arbitrable, the court has the discretion to stay trial until arbitration has been completed in accordance with the terms of the agreement. However, when all claims raised in a lawsuit are the subject of arbitration, dismissal is the proper remedy. *HTG Capital Partners, LLC v. Doe*, No. 15 C 02129, 2016 U.S. Dist. LEXIS 18458, *25 (N.D. Ill. Feb. 16, 2016) (dismissing an arbitration action rather than staying it "where it is clear the entire controversy between the parties will be resolved by arbitration" (quoting *Dental USA, Inc. v. Beak & Bumper, LLC*, No. 13 C 2581, 2013 U.S. Dist. LEXIS 98882, at *7-8 (N.D. Ill. July 16, 2013) (internal quotation marks omitted)). Indeed, the Seventh Circuit has affirmed district court decisions dismissing a suit where a court has found that all claims are arbitrable. *See, e.g.*, *Baumann v. Finish Line, Inc.*, 421 F. App'x 632, 636

(7th Cir. 2011); *Am. Int'l Specialty Lines Ins. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003); *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 679 (7th Cir. 2002).

Here, all of Retzios' claims are subject to the Arbitration Agreement, so there are no claims on which the Court may grant relief. The Court thus should dismiss the case and compel arbitration.

If, however, the Court does not believe that dismissal is appropriate, the Court must stay the case pending arbitration. Section 3 of the FAA expressly provides that where, as here, a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. Because Retzios must be compelled to arbitrate her claims against Epic, these proceedings should be stayed pending the outcome of arbitration.

## **CONCLUSION**

For the foregoing reasons, Epic respectfully requests that the Court grant its Motion, enter an order directing Retzios to arbitrate her claims against Epic, and dismiss this case or, in the alternative, stay the case as to Retzios' claims against Epic pending the completion of arbitration.

Date: June 23, 2023                                    Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**


By: */s/Michael K. Chropowicz*
     Attorney for Defendant

Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street
Chicago, IL 60606
Phone: 312.222.0800
Email: mkchropowicz@michaelbest.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on June 23, 2023, he filed the foregoing ***Defendant's Brief in Support of Motion To Compel Arbitration*** with the Clerk of the Court using the CM/ECF NextGen system, which will send notice of such filing to the following counsel of record:

**Susan S. Barron**
Law Office of Susan S. Barron
On North Field Plaza, Suite 300
Northfield, IL 60093
E-mail: susansbarron@gmail.com

*/s/ Michael K. Chropowicz*
*Attorney for Defendant*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: mkchropowicz@michaelbest.com