UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| CAROLINE T. RETZIOS, | ) |
|               Plaintiff, | ) |
| v. | ) Civil Action No: 1:23-cv-3338 |
| | ) Jury Trial Demanded |
| EPIC SYSTEMS CORPORATION, | ) |
|               Defendant. | ) |

**DECLARATION OF CAROLINE T. RETZIOS IN OPPOSITION TO DEFENDANT'S EPICS MOTION TO COMPEL ARBITRATION AND IN THE ALTERNATIVE STAY PROCEEDINGS UNTIL SUCH ARBITRATION CAN OCCUR**

BE IT ACKNOWLEDGED, THAT Caroline T. Retzios, being of legal age, does hereby depose, do hereby state and affirm under oath as follows:

1. I have personal knowledge of all matters discussed in this Declaration.

2. I make this Declaration on my own knowledge, information and belief.

3. On October 29, 2019, I was hired by Epic as a Project Manager and given a start date of August 3, 2020.

4. On October 29, 2019, I electronically signed Epic Systems Corporation Employment Agreement which had an attached March 29, 2016 Mutual Arbitration Agreement Regarding Wages and Hours. (Refer to Exhibit A which is incorporated as referenced.)

5. On October 29, 2019, when I signed the Employment Agreement, Epic never informed me that it would require me to abrogate my religious tenets and abdicate my medical and health decisions or be fired.

6. I relied upon this promise and on October 29, 2019, I electronically signed Epic Systems Corporation Employment Agreement

7. I began my employment with Epic at their Verona, Wisconsin location on or about August 3, 2020.

8. While employed by Epic, my last employment title was one of Project Manager at the

project assignment of OU Health (Oklahoma University), Oklahoma City, Oklahoma which was to last 1 ½ to 2 years.

9. I never received ANY notice from Epic of any change or termination of the March 29, 2016 Arbitration Agreement which was attached to the October 29, 2019 Epic Corporation Employment Agreement, the time in which I agreed to start working for Epic.

10. On June 18, 2020 I electronically signed another Epic Systems Corporation Employment Agreement. (Refer to Exhibit B which is incorporated as referenced.)

11. The June 18, 2020 Epic Systems Corporation Employment Agreement had attached a June 15, 2020 Mutual Arbitration Agreement. (Refer to Exhibit B which is incorporated as referenced.)

12. I never received ANY notice from Epic of any change or termination of the June 15, 2020 Arbitration Agreement which was attached to the June 18, 2020 Employment Agreement.

13. My work performance was always exceptional and resulted in me being offered a promotion and a pay increase.

14. On or about December 21, 2020, I elected to receive Epic stocks shares in lieu of a pay raise bonus.

15. On December 21, 2020, I signed the December 21, 2020 Stock Award Agreement which an Arbitration Agreement was attached as Annex 3. (Refer to Exhibit C incorporated as referenced).

16. I relied upon Epic's representation that by accepting and continuing my employment with Epic, I would work in a normal business work environment with normal and reasonable work expectations.

17. I relied upon Epic's representation that by accepting and continuing my employment with Epic, my religious tenets would not be a factor and I would not be expected to surrender my religious beliefs.

18. I relied upon Epic's representation that by accepting and continuing my employment with

2.

Epic, I would not be required to sacrifice my authority to make my own medical decisions.

19. At this point, I never received ANY notices, written or electronic, from Epic of any changes to or termination of the March 29, 2016 or June 15, 2020 Arbitration Agreements.

20. On March 15, 2021 Epic announced that COVID-19 vaccines were available to employees and surveyed employees for interest in getting vaccinated.

21. I responded to Epic's survey by selecting that I was not interested in taking the COVID-19 vaccine.

22. Epic added this information to my internal employment file.

23. On August 18, 2021, I emailed my religious exemption request from taking Epic's COVID-19 vaccine mandate to Beth Henry, Epic's representative.

24. On August 20, 2021, Jennifer Peterson, one of Epic's HR managers, called me to inform me that Epic would not accept my religious exemption request and stated that I would be an undue burden to the Company, since many customers were requiring vaccines and that there would be no further discussion on the matter.

25. On September 14, 2021 I emailed Beth Henry, one of Epic's HR managers to inform her that I had contracted the Coronavirus and had COVID-19 antibodies.

26. I gave Beth Henry the antibody test results and Jennifer Peterson communicated that this information would to be included in my medical records for my employment with Epic

27. On September 30, 2021, a Preservation of Evidence Demand was issued on behalf of me by my attorney to Epic. (Refer to Exhibit D incorporated as referenced).

28. On September 30, 2021, I lost all access to my work accounts and was terminated from my employment with Epic because Epic denied my religious and medical exemption from Epic's COVID -19 vaccine mandate.

29. Soon thereafter I filed a complaint with the Wisconsin Department of Workforce

3.

Development, Unemployment Insurance Division. (Refer to Exhibit E incorporated as referenced).

30. The Wisconsin Department of Workforce Development, a governmental agency, entered a finding that I was discharged not for misconduct or substantial fault and awarded me unemployment compensation. (Refer to Exhibit E incorporated as referenced).

31. I filed with the United States Chicago District Office-Equal Employment Opportunity Commission (EEOC) on March 24, 2022, EEOC No: 443-2022-01617. (Refer to Exhibit F incorporated as referenced).

32. On March 30, 2023, the EEOC issued the RIGHT to SUE on the matter. (Refer to Exhibit G which is incorporated as referenced).

I declare under penalty of perjury that the above statements are true and accurate.
FURTHER AFFIANT SAYETH NOT.

Caroline T. Retzios

SUBSCRIBED AND SWORN TO
Before me this 22 day of July, 2023.

Notary Public

OFFICIAL SEAL
JURGA MACKONIENE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/12/2026

And I affirm that the foregoing is true.

I declare under penalty of perjury and certify pursuant to 28 U.S. Code § 1746 that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Caroline T. Retzios

4.