# Exhibit D

## Atty. Emmanuel Mamalakis

Epic Systems Corporation, (EPIC)
Attention Legal Department
1979 Milky Way
Verona, Wisconsin 53593
Phone: 608-271-9000
Fax: 608-271-7237

NOTICE VIA: US Regular Mail, Certified Mail and Electronic Mail (legalnotices@epic.com)

**Re: Demand Letter- Unlawful Denial and Non-Accommodation of Employee Religious Exemption from Mandatory Covid-19 vaccination Policy**

## NOTICE OF PENDING LITIGATION - EVIDENCE PRESERVATION DEMAND

In connection with the unlawful denial and non-accommodation of the religious exemption request submitted by Caroline Retzios, I hereby put EPIC on notice of pending litigation and demand that EPIC preserve all records, data, documents, devices, and things in its possession or the possession of its employees, including private wireless phones and devices and records and data found thereon, from January 1, 2020, to the present (and continuing), constituting, reflecting, or reasonably related to the following:

1. The conception, formation, membership, staff, volunteers, administration, policies, guidelines, communications, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions of the EPIC Exemption Committee;

2. The conception, formation, membership, staff, volunteers, administration, policies, guidelines, communications, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions of EPIC Occupational Health & Safety;

3. The conception, formation, membership, staff, volunteers, administration, policies, guidelines, communications, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions of EPIC's Committee or personnel assigned to the implementation and accommodation of American with Disabilities Act.

4. All requests for exemption from or workplace religious accommodation with respect to receiving a COVID-19 vaccine submitted to the EPIC Exemption Committee, EPIC Occupational Health & Safety, or any other person or persons employed by or under the direction and control of EPIC, or any other EPIC employee, and all communications, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions of the EPIC Exemption Committee, EPIC Occupational Health & Safety, EPIC's Committee or personnel assigned to the implementation and accommodation of American with Disabilities Act or such other person or persons concerning such exemption or accommodation requests; and

5. Any training received by any EPIC Exemption Committee or EPIC Occupational Health & Safety member, EPIC's Committee or personnel assigned to the implementation and accommodation of American with Disabilities Act member, consultant, employee, or volunteer, or any EPIC employee, consultant, volunteer, or board member regarding the conception, enactment, and administration of EPIC's mandatory COVID 19 vaccination policy, including without limitation the review, consideration, and disposition of requests for religious exemption or accommodation from the policy.

6. All requests for exemption from or workplace religious accommodation with respect to receiving a COVID-19 vaccine submitted to the EPIC Exemption Committee, EPIC Occupational Health & Safety, EPIC's Committee and/or personnel assigned to the implementation and accommodation of American with Disabilities Act or any other person or persons employed by or under the direction and control of EPIC, or any other EPIC employee, and all communications, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions of the EPIC Exemption Committee, EPIC Occupational Health & Safety, EPIC's Committee and/or personnel assigned to the implementation and accommodation of American with Disabilities Act or such other person or persons concerning such exemption or accommodation requests; and

The records, data, and documents subject to this demand include all paper and other physical files and all electronically stored information (ESI), including but not limited to e-mail, text, SMS, MMS, social media, and other electronic communications, whether maintained on a personal or business device or account, including on personal wireless devices, personal e-mail accounts, and personal social media accounts; and further including without limitation word processing documents, spreadsheets, databases, calendars, telephone logs, contact information, usage files, and access information from networks, databases, computer systems (including legacy systems, hardware, and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges, and other storage media, laptops, personal computers, tablets, digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail).

I expect EPIC to preserve records, data, documents, devices, and things from January 1,2020, to the present (and continuing) in EPIC's possession and in the possession of any third party under its control. If EPIC knows or reasonably determines that any older records, data, documents, devices, or things are potentially relevant, however, EPIC should preserve such materials from the relevant earlier period as well.

ESI is an important and irreplaceable source of evidence in connection with this matter. We caution EPIC that this preservation demand should be afforded the broadest possible interpretation with respect to ESI, and that responsive ESI can reside not only in areas that are reasonably accessible but also in areas that EPIC may deem not reasonably accessible.
We demand that EPIC preserve all responsive ESI, even if EPIC does not anticipate an obligation to produce such ESI in future litigation.

Preservation of ESI may require more than simply refraining from efforts to destroy or dispose of such evidence. EPIC may have to affirmatively intervene in automatic processes to prevent data loss due to routine operation and overwriting. For instance, sources of ESI can be altered and erased simply through continued use of a computer or other device. Booting a drive,
examining its contents, or running any application can irretrievably alter the evidence it contains and

may constitute unlawful spoliation of evidence. EPIC should take care to employ proper techniques and protocols, hiring an expert to assist if necessary.

EPIC should be aware that employees or others may seek to hide, destroy, or alter ESI, and EPIC must act to prevent or guard against such actions. Users may seek to delete or destroy information they regard as personal, confidential, or embarrassing and, in so doing, may also delete or destroy responsive ESI. Though We expects EPIC will act swiftly to preserve data on office workstations and servers, EPIC should also determine whether any home or portable
systems contain potentially responsive ESI. EPIC must preserve the contents of the systems, devices, and media used for those purposes as well.

I am available to discuss reasonable preservation steps; however, EPIC should not delay in taking proper precautions to preserve relevant records, data, documents, and things if they may be lost or corrupted as a consequence of delay. Should EPIC's failure to preserve potentially relevant evidence result in the corruption, loss, or delay in production to which we later were entitled, such failure would constitute spoliation of evidence, for which sanctions may be imposed.
If there are any questions, please do not hesitate to contact me.

Regards,

*EM*

Emmanuel Mamalakis
Law office of Emmanuel Mamalakis

---

1375 Indianwood Drive, Brookfield, WI 53005     Phone: 414-403-4366

emama@mamalakislaw.com

