UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLINE T. RETZIOS,<br>    Plaintiff<br><br>   v.<br><br>EPIC SYSTEMS CORPORATION,<br>    Defendant | No. 23-cv-03338<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendant's motion to compel arbitration [7] is granted. This case is dismissed without prejudice.

### STATEMENT

The plaintiff alleges that the defendant terminated her employment because she refused to comply with the defendant's COVID-19 vaccination requirement. The plaintiff alleges that, by doing so, the defendant failed to accommodate her religion, retaliated against her when she requested religious accommodations, failed to accommodate her medical condition, retaliated against her for seeking a medical exemption, and wrongfully terminated her employment. The defendant has moved to compel arbitration and has asked the Court to either dismiss or stay this case.

On December 21, 2020, the plaintiff signed an Employee Stock Award Agreement. That agreement stated, "This Agreement will be construed in accordance with and governed by the laws of the State of Wisconsin" and "You agree that, notwithstanding anything to the contrary contained in the agreement between You and Epic regarding arbitration of certain claims related to Your employment, any dispute regarding this Agreement will constitute a 'Covered Claim' that is subject to arbitration in accordance with such arbitration agreement." Annex 3 to the Employee Stock Award Agreement, entitled "Current Arbitration Agreement," stated, "Epic . . . and I agree to use binding arbitration, instead of going to court, for any 'Covered Claims' that arise or have arisen between me and Epic . . . . Covered Claims are, unless expressly excluded below, any statutory or common law legal claims, asserted or unasserted, that relate to or arise out of my employment or the termination of my employment." The plaintiff does not dispute that she received and signed the Employee Stock Award Agreement with the Current Arbitration Agreement attached as Annex 3. R. 16 at 5.

"A court must compel arbitration under the [Federal Arbitration Act] when three elements exist: '(1) an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate.'" *Coatney v. Ancestry.com DNA, LLC*, 93 F.4th 1014, 1019 (7th Cir. 2024). Here, the defendant has tendered a signed, written agreement to arbitrate legal claims arising out of the plaintiff's employment, to include the termination of that employment. That agreement expressly requires the application of Wisconsin law. But the plaintiff claims promissory estoppel precludes enforcement of the arbitration agreement, an illusory promise invalidates the agreement to arbitrate, and the defendant waived its right to arbitration. The Court disagrees and finds the agreement enforceable.

The plaintiff argues that the defendant promised her that her employment would not require her to go against her faith or put her life and health at risk, which is what the plaintiff claims that the vaccination requirement did. But this falls squarely within the terms of the arbitration agreement; the employer introduced a condition of employment and the plaintiff's inability or refusal to comply with that led to her termination. It is not a reason to invalidate the arbitration agreement; rather, it is a reason to seek resolution of the dispute. Here, the negotiated forum for that is arbitration.

The plaintiff also argues that the arbitration agreement is based on an illusory promise because it gave the defendant the right to change or terminate the agreement with ninety days' notice to the plaintiff, which the plaintiff did not receive, and lacked "mutuality." This argument also fails. The plaintiff cannot claim lack of notice when she does not dispute receiving and signing the agreement. Moreover, the agreement granted the plaintiff an employee stock award, which undercuts the notion that the defendant unilaterally imposed some new term on her.

The plaintiff also argues that the defendant waived arbitration by appearing in matters related to an unemployment compensation claim and the plaintiff's Equal Employment Opportunity Commission ("EEOC") claim. The former is expressly beyond the scope of the arbitration agreement. *See* R. 9-1 at 12 ("Covered claims also do not include claims for workers' compensation or unemployment compensation."). The latter was not a proceeding in which the defendant could compel arbitration. The arbitration agreement did not bind the EEOC, so there was no reason to assert it against the EEOC. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 288 (2002) ("There is no language in the statutes or in either of these cases suggesting that the existence of an arbitration agreement between private parties materially changes the EEOC's statutory function or the remedies that are otherwise available.") And the matters before the EEOC were a required administrative precursor to litigation, not litigation itself.

For these reasons, the defendant's motion to compel arbitration is granted. Because all of the plaintiff's claims stem from her employment with the defendant, and because all of those claims are covered by the arbitration agreement, the case is dismissed without prejudice.

Date: 3/26/2024

JEREMY C. DANIEL
United States District Judge