UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| CAROLINE T. RETZIOS, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>EPIC SYSTEMS CORPORATION, )<br>)<br>*Defendant.* ) | Civil Action No: 1:23-cv-3338 |

### Plaintiff's Motion for Stay of Arbitration Proceedings Pending Appeal

NOW COMES Plaintiff, Caroline T. Retzios, by and through one of her attorneys, Susan S. Barron, Law Office of Susan S. Barron P.C., in her Motion for Stay of Arbitration Proceedings Pending Appeal and in support states as follows:

1.) On March 26, 2024 this Court entered an order granting Defendant's motion to compel arbitration [Dkt # 25].

2.) The Court stated that "Because all of the plaintiff's claims stem from her employment with the defendant, and because all of those claims are covered by the arbitration agreement, the case is dismissed without prejudice."

3.) As a result of the March 26, 2024 Order dismissing the case without prejudice, the civil case was terminated.

4.) On April 24, 2024 Plaintiff filed a Notice of Appeal. [Dkt# 26]

5.) A "final decision …..ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Financial Corp. -Alabama et al. v. Randolph* 531 US 79 (Supreme Court 2000). The District Court's order was therefore a "final decision with respect to an arbitration" within the meaning of §16 (a)(3) and an appeal may be taken. *Green*

*Tree Financial Corp. -Alabama et al. v. Randolph* 531 US 79 (Supreme Court 2000). See *Sears Roebuck & Co. v. Mackey* 351 U.S. 4278 431 (1956) (explaining that had the District Court dismissed all claims in an action, its decision would be final and appealable); *Catlin v. United States*, 324 U.S. 229 at 236. The motion to dismiss was granted and a judgment of dismissal entered, "clearly there would have been an end to litigation and an appeal would lie. *Green Tree Financial Corp. -Alabama et al. v. Randolph* 531 US 79 (Supreme Court 2000), *Catlin v. United States*, 324 U.S. 229 at 236.

6.) On March 26, 2024 the Court stated that all of the claims were covered by the arbitration agreement, the case is dismissed, therefore the decision is final and appealable.

7.) The March 26, 2024 Order ended litigation and there is no just reason to delay the Appeal.

8.) Plaintiff respectfully requests that the District Court stays arbitration pending the Appeal.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Plaintiff Retzios respectfully requests this Court to grant Plaintiff's Motion to Stay Arbitration Pending Appeal.

May 8, 2024

Respectfully submitted,
/s/ Susan S. Barron
Susan S. Barron
One of Plaintiff's attorney

*This pleading was prepared by the undersigned and executed in accordance with Federal Rule 11.*

/s/ Susan S. Barron
Susan S. Barron
One of Plaintiff's attorney

Susan S. Barron
Attorney No: 6208744
*Attorney for Plaintiff*
LAW OFFICE OF SUSAN S. BARRON, P.C.
One Northfield Plaza, Suite 300 Northfield, IL 60093
(847)441-8135 vm, (847)441-8136 fax email susansbarron@gmail.com

2.